# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERARD DEPTULA, | : | CIVIL NO. 1:15-CV-2228 |
| Petitioner, | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| LORETTA LYNCH, et al., | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I. Factual Background

Briefly, the pertinent facts in this case are as follows:

The petitioner, an alien, had been placed in immigration removal proceedings, and had been detained pre-removal without an individualized bond hearing for more than 12 months while these immigration proceedings have progressed. With the passage of more than one year in immigration detention, the petitioner came before this court on a petition for writ of habeas corpus, (Doc.1), seeking an individualized bail consideration. In these circumstances the United States Court of Appeals for the Third Circuit has directed that basic considerations of due process now require that the petitioner receive prompt, individualized bail consideration, at a hearing where the government bears the burden of proving that the petitioner's continued detention is

necessary to fulfill " 'the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.' " Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 475 (3d Cir. 2015). Accordingly, consistent with the guidance provided by the court of appeals, an individualized bail hearing was ordered for Deptula. Following a brief contretemps in which the government debated which judge should order the undisputed hearing that the government conceded Deptula was entitled to receive, a court-ordered individualized bond hearing was conducted in Deptula's case, and Deptula was released on bond. (Doc. 24.)

## II.   Discussion

In light of the action taken by immigration officials, providing Deptula a court-ordered individualized bail hearing in which a bond was set, and satisfied, securing the petitioner's release this case is now moot and should be dismissed. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In the context of habeas corpus petitions mootness questions frequently turn on straightforward factual issues. Thus:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631(1982). This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit."Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477(citations omitted).

DeFoy v. McCullough, 393 F.3d 439, 441-442 (3d Cir. 2005)

The mootness doctrine often applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas corpus petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 F. App'x 530 (3d Cir. 2004). Thus, for example, courts have spoken directly to the issue presented here; namely, whether, the release of an immigration detainee from ICE custody renders moot any further complaints regarding the fact of that detention. In Sanchez v. Attorney General, 146 F. App'x 547 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that for petitioners who challenge their continued immigration custody pending removal proceedings, a decision by immigration officials releasing the alien pending completion of removal proceedings

makes the habeas petition entirely moot, and compels dismissal of the petition. Sanchez , 146 F. App'x at 548-49.

While the Sanchez decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996). We find the reasoning in Sanchez compelling and conclude, consistent with Sanchez, that the dismissal of this petition as moot is appropriate here since the petitioner has already received the relief he sought, and individualized bail hearing and release from ICE custody pending completion of his removal proceedings.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Petition be DISMISSED as moot.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of April, 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
